### T. M. BERRY v. THE STATE.

No. 3309.   Decided February 21, 1906.

**Exhibiting Gaming Table—Charge of Court—Table Fees—Knowledge.**

Where upon a trial for exhibiting a gaming table and bank, the evidence raised the issue as to whether defendant had knowledge that table fees were bet or wagered on a certain pool table owned by defendant, and the court in its general charge instructed the jury that if they believed that table fees were bet, etc., to convict, and failed to charge upon knowledge of defendant, it was error to refuse a requested charge that defendant must have known of such bet being made, and to have permitted the same before he could be convicted. Distinguishing Mayo v. State, 11 Texas Ct. Rep., 130.

Appeal from the County Court of Hemphill. Tried below before Hon. B. M. Baker.

Appeal from a conviction of exhibiting a gaming table; penalty, a fine of $25 and ten days confinement in the county jail.

The opinion states the case.

*Willis & Willis* and *Reeder & Cooper,* for appellant.—On question of knowledge: Smith v. State, 12 S. W. Rep., 412.

*Howard Martin,* Assistant Attorney-General, and *R. E. Taylor,* for the State.

HENDERSON, JUDGE.— Appellant was convicted of exhibiting a gaming table and bank, his punishment being fixed at a fine of $25 and ten days confinement in the county jail.

There is but one question that requires consideration, and that is whether the court should have given appellant's special requested instructions. We will state enough of the facts in order to present this question. Several witnesses testified to playing pool at appellant's place of business on a pool table owned by appellant. Some of them testified that they wagered the table fees, that is, that the loser paid the table fees. Sometimes the table fees were paid to appellant himself and sometimes to a negro attendant, named Clark. None of the witnesses, as we view the record, state that appellant knew that the fees were wagered, or that the loser paid said table fees. All that he appeared to be interested in was in getting the fees due on each game, which

was 15 cents for a two-handed game, and more for a three-handed game. Several of the witnesses state that they did not know whether it was a general custom among the boys for the loser to pay for the game or not. Witnesses state that sometimes the loser would pay and sometimes the winner would pay; just as they arranged the terms of the game. None of them state that appellant knew of this custom; and the effect of the testimony as it appears to us, was to make the case against appellant by proving the custom among the boys and to affect him with notice by circumstances. On this state of case the court instructed the jury, as follows: "You are instructed that you cannot find defendant guilty unless you find from the evidence beyond a reasonable doubt, that he kept and exhibited for the purpose of gaming a gaming table and bank; and in this connection you are instructed that a pool table is one which may be kept and exhibited for the purpose of gaming. And you are instructed that if persons play pool on a pool table under an agreement that the loser of the game shall pay the table fees in money, or the money fees for the use of the table, it would come within the legal meaning of the word 'bet.' " Appellant asked the following instruction, which was refused: "You must believe from the evidence beyond a reasonable doubt that bets were made upon the pool table owned, held and kept by defendant, that defendant was informed or knew of such bets being made and permitted same to be made before you can convict the defendant, and unless you so believe, you will find the defendant not guilty." Under the proof it occurs to us that the requested instruction should have been given. The court had previously told the jury, in effect, that if they believed the table fees were bet; that is, that the loser was to pay for the same, appellant would be guilty, and this without regard to his knowledge. The proof at least makes an issue as to his knowledge on this subject. We hold that appellant's rights should have been safeguarded, on this branch of the case; and that the jury should have been told that defendant could not be convicted, unless he was informed or knew of such bets being made. In Mayo v. State, 11 Texas Ct. Rep., 130, we do not understand that any question was made as to notice: certainly none that the court failed to charge upon knowledge on the part of appellant. But here the question is directly made that the testimony demanded a charge on notice or knowledge on his part. In our opinion the testimony demanded such a charge. For the refusal to give the same, the judgment is reversed and the cause remanded.

*Reversed and remanded.*